USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/9/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLEAR FINANCE TECHNOLOGY CORPORATION,

                Plaintiff,

-against-

I&L DISTRIBUTING INC.,

                Defendant.

1:22-cv-550 (MKV)

ORDER DENYING MOTION
FOR DEFAULT JUDGMENT
AND
ORDER TO SHOW CAUSE
WHY CASE SHOULD NOT BE
TRANSFERRED TO E.D.N.Y.

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff brings this action seeking an order confirming an arbitration award issued against Defendant [ECF No. 1]. On January 9, 2023, the Court held a hearing on Plaintiff's motion for a default judgment [ECF No. 12]. As the Court explained on the record at the hearing, Plaintiff's motion for a default judgment is DENIED without prejudice to renewal as a motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).

      As the Court also explained on the record at the hearing, by January 13, 2023 at 12:00 p.m., Plaintiff shall file a letter showing cause why venue is proper in this District and why this case should not be transferred to the Eastern District of New York.

      Under the venue provisions of the Federal Arbitration Act, a petition to confirm an arbitration award may be brought either in the district where the award was made, or in any district proper under the general venue statute. *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000). Here, it appears the arbitration award was made in Washington, D.C. [ECF No. 1-1 at 24]. Under the general venue statute, 28 U.S.C. § 1391, venue ordinarily is proper either where the defendant resides, or where a substantial part of the events giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b). According to Plaintiff, Defendant resides in Kings County, New York [ECF No. 1 ¶ 5; ECF No. 1-2 at 2; ECF No. 19-1; ECF No. 19-2]. And Plaintiff's

counsel stated on the record at the January 9, 2023 hearing that the events giving rise to its claims did not take place in the Southern District of New York. The Court also notes that the statute Plaintiff cites in its complaint with respect to venue, 29 U.S.C. § 1451(d) [ECF No. 1 ¶ 6], is entirely inapposite, since it governs venue in ERISA actions.

The Clerk of Court respectfully is directed to terminate the motion pending at docket entry number 12.

**SO ORDERED.**

Date:  **January 9, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**