UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEAR FINANCE TECHNOLOGY CORPORATION | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 3/3/2025 |
| Petitioner, | |
| -against- | 1:22-cv-550 (MKV) |
| I&L DISTRIBUTING INC., | **ORDER GRANTING<br>SUMMARY JUDGMENT** |
| Respondent. | |

MARY KAY VYSKOCIL, United States District Judge:

This case involves an unopposed request to confirm an arbitration award. Clear Finance Technology Corporation ("Clearco" or "Petitioner") filed a Petition to Confirm an Arbitration Award against I&L Distributing Inc. ("I&L" or "Respondent") [ECF No. 1 ("Petition")]. I&L has never responded to the Petition or otherwise appeared in this action, although Clearco has filed proof of service of the Petition on I&L [ECF No. 6]. Petitioner filed a motion for a default judgment, which the Court denied without prejudice to renewal as a motion for summary judgment [ECF Nos. 12, 20]. Petitioner thereafter filed a motion for summary judgment together with a statement of undisputed material facts pursuant to Local Civil Rule 56.1 [ECF Nos. 22, 23 ("Pet. 56.1"), 24 ("Pet. Mem.")]. For the reasons stated below, the motion for summary judgment is GRANTED.

## I.  BACKGROUND[1]

### A. Facts

Over the course of a year, from November of 2019 to November of 2020, Clearco entered

---

[1] The facts are based on the Court's review of the evidence cited in Petitioner's Local Civil Rule 56.1 Statement [ECF Nos. 23 ("Pet. 56.1"), 23-2 ("Marantz Decl., Ex. A"), 23-10 ("Arbitration Award")]. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

1

into thirteen revenue sharing agreements with Respondent I&L, whereby Clearco provided I&L with a cash advance in exchange for the purchase of I&L's right, title, and interest in a specified amount of "future receivables." Pet. 56.1 ¶ 1. After the initial agreement was entered on November 19, 2019, Clearco entered into subsequent agreements with I&L on December 4, 2019, December 30, 2019, February 4, 2020, April 14, 2020, April 24, 2020, May 15, 2020, June 29, 2020, August 6, 2020, August 26, 2020, September 14, 2020, October 15, 2020, and November 11, 2020. Pet. 56.1 ¶ 1; *see* Marantz Decl., Ex. A ("Agreements"). Each one of the Agreements included an arbitration provision and allowed for reimbursement of prevailing party attorneys' fees and costs. Pet. 56.1 ¶¶ 2, 6; *see* Agreements § 9.11; *id.* § 7(b).

Clearco submits that I&L breached the Agreements by failing to pay Clearco the specified amounts of future receivables that Clearco had purchased. Pet. 56.1 ¶ 3; *see* Arbitration Award at 11. As such, Clearco commenced arbitration against I&L, pursuant to the arbitration provision of the Agreements, seeking contract damages and attorneys' fees and costs. Pet. 56.1 ¶ 7; *see* Arbitration Award at 2. I&L appeared in the arbitration but refused to "take part," noting that it is no longer conducting any business. Arbitration Award at 3–4; *see* Pet. 56.1 ¶ 8. Nevertheless, the arbitrator "required the submission of evidence, legal authority, and argument" by Clearco and "weighed the evidence and authority cited," rather than relying on any "default or absence of" I&L, in rendering his decision. Arbitration Award at 8–9.

The arbitrator issued a final arbitration award in favor of Clearco. *See id.* at 9, 22–23. He explained his reasoning in detail in the Arbitration Award. In particular, the arbitrator found that I&L had breached its Agreements with Clearco by failing to pay specified amounts on certain dates. *See id.* at 13–15. The arbitrator concluded that Clearco was "entitled to the sum of $914,339.38 as damages for breach" of the Agreements, plus pre-judgment interest "from the date

of the breach" on "March 4, 2021 to the date that this Award is reduced to a judgment, or the date the amount awarded is paid by Respondent, whichever is sooner." *Id.* at 16, 20–21. The arbitrator further concluded, based on his review of "detailed time records" and his "observations in connection with the matter as a whole," that Clearco was entitled to reasonable attorneys' fees in the amount of $11,047.50 and costs of $240.13. *Id.* at 19. The arbitrator also awarded Clearco reimbursement of $10,542.00 in arbitration fees and arbitrator compensation. *Id.* at 20.

### B. Procedural History

Clearco filed a petition to confirm the Arbitration Award in this Court [ECF No. 1 ("Petition")]. Clearco thereafter filed proof of service of the summons and Petition on I&L [ECF No. 6]. I&L, however, failed to respond or otherwise appear in this action. Clearco moved for a default judgment [ECF No. 12]. The Court denied that motion without prejudice to renewal as a motion for summary judgment [ECF No. 20 (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)]. Petitioner filed motion for summary judgment together with a statement of undisputed materials facts pursuant to Local Civil Rule 56.1 [ECF Nos. 22, 23 ("Pet. 56.1"), 24 ("Pet. Mem.")]. I&L never filed an opposition or took any other action to defend this case.

## II. LEGAL STANDARD

An unopposed petition to confirm an arbitration award must be "treated as akin to" an unopposed "motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 109; *see STX Pan Ocean Shipping Co. v. Progress Bulk Carriers Ltd.*, No. 12-cv-5388-RJS, 2013 WL 1385017, at *2 (S.D.N.Y. Mar. 14, 2013). Summary judgment is proper where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court "may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont Teddy Bear Co.*, 373 F.3d at 244.

Even in the posture of a motion for summary judgment, the Court's review of an arbitration award is narrow. "[C]onfirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The Court "'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Service Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

### III.  DISCUSSION

The Court carefully has reviewed the evidence that Petitioner cites in its 56.1 Statement, including the underlying Agreements between Clearco and I&L and the Arbitration Award, among other exhibits [ECF Nos. 23-2, 23-10]. *See Vermont Teddy Bear Co.*, 373 F.3d at 244. Based on its review of the evidence, the Court is satisfied that there is no dispute of material fact and that the undisputed facts support judgment as a matter of law. *See id.*

The Court confirms the Arbitration Award because there is ample "justification for the outcome reached" by the arbitrator. *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797). The arbitrator explained in detail the reasons for his ruling that I&L had breached the Agreements with Clearco. *See* Arbitration Award at 14–15. Indeed, rather than rely uncritically on Clearco's representations about the breaches, the arbitrator probed specific transfers of funds reflected in the "Account Reconciliation Ledger." *Id.* at 13. The arbitrator found "consistent failure" by I&L "to make the required payments starting on March 4, 2021." *Id.* at 15. The arbitrator reasonably applied Delaware law to the evidence and concluded that Clearco was entitled to contract damages in the amount of $914,339.38 plus prejudgment interest beginning on March 4, 2021. *See id.* at 14, 16, 21. The arbitrator's detailed and reasonable

analysis provides more than "is necessary to confirm the award." *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797).

No motion to modify, vacate, or correct the award was made within the statutory period for doing so or thereafter. *See* Pet. Mem. at 7. As a result, any defense to confirmation of the award has been forfeited by Respondent. *See Florasynth, Inc.*, 750 F.2d at 175. Moreover, the Court finds no grounds for setting aside the Arbitration Award. *See D.H. Blair & Co., Inc.*, 462 F.3d at 110. It is undisputed that the parties agreed to proceed pursuant to JAMS arbitration, that both sides were given the opportunity to participate fully in the arbitration, and that a final award was issued. Respondent has made no challenges to the legal sufficiency of the Arbitration Award, and the Court sees no basis for such a challenge. Because there is no basis to vacate, modify, or correct the Arbitration Award, the Court must confirm it. *Id.*

As a result, the Court grants summary judgment for Petitioner and confirms the Arbitration Award. Specifically, as set out in the Arbitration Award, Petitioner is entitled to judgment in the amount of $914,339.38, plus interest at the Delaware state statutory rate of "5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due," Del. C. § 2301(a), accruing from the date of the breach, March 4, 2021, to the date of this judgment.

The Clerk of the Court respectfully is requested to enter judgment in the amount specified and to close this case.

**SO ORDERED.**

**Date: March 3, 2025**
**New York, NY**

*(signature: Mary Kay Vyskocil)*
**MARY KAY VYSKOCIL**
**United States District Judge**